David J.P. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel  (Pro Hac Vice Pending)
Madeline Ziegler (Pro Hac Vice Pending)
E: aseidel@ffrf.org/mziegler@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Antelope Valley Freethinkers, and
David Dionne

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., | Case No.: 2:16-CV-02487 R (AFMx) |
| Plaintiffs, | STIPULATION FOR ENTRY OF JUDGMENT |
| vs. | |
| ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT, etc., et al., | |
| Defendants. | |

Plaintiffs Freedom From Religion Foundation, Inc., Antelope Valley

Freethinkers, and David Dionne, and Defendants Antelope Valley Union High School

District,Antelope Valley Union High School District Board of Trustee Board Members

Michael Dutton, Barbara Willibrand, Jill McGrady, Dana Coleman, and Robert Davis,

1

STIPULATION FOR ENTRY OF JUDGMENT

1    in their official representative capacities, hereby agree and stipulate that Judgment in

2    this matter shall be entered as follows:

3

4        1.    The Court shall issue an injunction against Defendants enjoining and

5    prohibiting Defendants and any of Defendants' employees or agents from failing to

6    distribute and make available to its students such materials that pertain to scholarship

7    opportunities without regard to the viewpoint on the issue of religion or lack of

8    religion including, but not limited to, materials critical of religion, even if defendants

9    or any of defendants' employees or agents are of the opinion that such materials may

10   offend religious sensibilities.

11       2.    Defendants will institute and comply with a policy consistent with well-

12   established law that "the state has *no* legitimate interest in protecting any or all

13   religions from views distasteful to them which is sufficient to justify prior restraints

14   upon the expression of those views. *It is not the business of government in our nation*

15   *to suppress real or imagined attacks upon a* particular *religious doctrine . . . ." Joseph*

16   *Burstyn, Inc. v. Wilson*, 343 U.S. 495, 505 (1952) (emphasis added).

17       3.    Notwithstanding this provision, Defendants will not be obligated to

18   distribute material that, in the guise of providing students with scholarship

19   opportunities, (1) advocates or threatens violence towards any other person, entity, or

20   governmental body; (2) advocates for or incites students to commit any unlawful act;

21   (3) advocates or promotes underage or otherwise illegal use of controlled substances,

22   including but not limited to alcohol, tobacco, or drugs; or (3) is not otherwise a

23   legitimate scholarship opportunity promoting or sponsoring a monetary or other award

24   for the purpose of facilitating or encouraging education for students.

25

26

2
STIPULATION FOR ENTRY OF JUDGMENT

4.      Defendants shall agree as part of the injunction, Plaintiffs may seek to enforce the terms of the injunction by bringing a motion for civil contempt. Plaintiffs shall give Defendants' no less than 15 days written notice prior to bringing any such motion to permit Defendants the opportunity to correct any violation of the injunction. Defendants shall agree that if the Court holds Defendants, or any of them, in contempt for violating the terms of the injunction, that without regard to any sanction the Court may impose, Plaintiffs will be entitled to recover a reasonable attorney's fee for such motion.

5.      Without admitting liability, defendants shall notify all eleventh and twelfth grade high school students in the District of Plaintiffs Freedom From Religion Foundation, Inc., and the Antelope Valley Freethinkers' scholarship opportunities for the current academic  year (2015-2016). This notice will be made by the most efficient and timely manner practicable to enable students sufficient time to take advantage of the scholarship opportunities if they so choose. The notice will include at minimum a written notice (either by physical letter or electronic communication) and a public announcement. This notice shall be provided not later than June 13, 2016.

6.      All future scholarship opportunities provided or promoted by Freedom From Religion Foundation, Inc. or the Antelope Valley Freethinkers shall be treated equally with and on the same terms as all other scholarship opportunities presented by other groups, entities, or individuals.

7.      Plaintiffs waive and release Defendants, and each of them, of all claims, causes of action, whether known or unknown, up to and including the date of the entry of Judgment in this action.

3
STIPULATION FOR ENTRY OF JUDGMENT

8.     Other that as expressly stated herein, all remaining claims or causes of action raised in Plaintiff's Verified Complaint shall be dismissed.

9.     Defendants shall pay to Plaintiffs' counsel a total of $10,000 as a reasonable attorney's fee and costs incurred in bringing this action. Defendants shall pay this amount no later than July 1, 2016.


IT IS SO STIPULATED.


Dated: June 7, 2016

_____
David J. Kaloyanides
Attorney for Plaintiffs
FREEDOM FROM RELIGION
FOUNDATION, INC., ANTELOPE
VALLEY FREETHINKERS, INC., and
DAVID DIONNE



Dated: June  8 , 2016

_____
Richard D. Oppenheim, Jr.
Sylvester, Oppenheim & Linde
Attorneys for Defendants
ANTELOPE VALLEY UNION HIGH
SCHOOL DISTRICT, ANTELOPE VALLEY
UNION HIGH SCHOOL DISTRICT BOARD
OF TRUSTEE BOARD MEMBERS
MICHAEL DUTTON, BARBARA
WILLIBRAND, JILL MCGRADY, DANA
COLEMAN, AND ROBERT DAVIS, IN
THEIR OFFICIAL REPRESENTATIVE
CAPACITIES.

STIPULATION FOR ENTRY OF JUDGMENT